# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

FILED
JAMES BONINI
CLERK

10 MAY -3 PM 1: 17

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

Jo Minturn                          :
1540 Weiskopf Drive                 :     Case No;   2 : 10 cv   396
Columbus, Ohio 43229                :
                                    :     Judge
        Plaintiff,                  :
                                    :     Magistrate Judge   JUDGE WATSON
        v.                          :
                                    :             MAGISTRATE JUDGE KEMP
The Ohio State University           :
Student Health Services             :
1590 North High Street, Suite 500   :
Columbus, Ohio 43201                :
                                    :
        Defendant.                  :


## COMPLAINT
### (Jury Demand Endorsed Hereon)


JURISDICTION AND VENUE

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-et seq.

2.      Jurisdiction of this Court to hear and determine the claims is based on 28 U.S.C. 1331 and 1343.

3.      Venue is proper in this Court as Plaintiff resides in and all events forming the basis of the claims occurred in the Southern District of Ohio, Eastern Division.

4.      Plaintiff timely filed a charge of discrimination with the EEOC and was granted a Right to Sue Letter which is attached hereto.


1

FACTS PERTINENT TO ALL CLAIMS

5.      Plaintiff began working as a nurse for Defendant at the Student Health Services facility in 1999.  Her performance was satisfactory and her performance reviews reflected this good performance.

6.      In 2006, a new supervisor was hired by Defendant.  That supervisor is African-American and Plaintiff is white.

7.      The new supervisor rated Plaintiff's performance as low in areas of subjective evaluation.  In 2008, the supervisor asked Plaintiff to come in while she was on leave and gave an untruthful reason for the need for Plaintiff to come in.  When she met the supervisor, Plaintiff was placed on a Performance Improvement Plan (PIP).

8.      The incidents giving rise to the PIP were racially discriminatory events.  Specifically, Plaintiff was accused of being racially insensitive when. in fact, her African –American co-workers were making Plaintiff the butt of jokes that were racial in nature.  Plaintiff was singled out for discipline.

9.      The measures of improvement called for in the PIP were all subjective in nature and only the supervisor had the ability to determine whether Plaintiff was meeting those criteria.

10.     This supervisor has engaged in a pattern of hiring and creating new positions for African-American employees, many of them friends of hers.  On,at least one occasion she lied about knowing the person who was hired.  The new hire confirmed she did know the supervisor well and that they had vacationed together.

11.     Plaintiff registered a complaint with Defendant about her treatment.  An alleged investigation was conducted and Defendant determined that the supervisor was within her right to hire her friends and acquaintances.  The supervisor was aware of the complaint to Human Resources and began retaliating against Plaintiff by criticizing her work and reviewing everything she did, not allowing her to go to meetings with her colleagues, and telling other staff to stay away from Plaintiff because she was poison.

12.     In April 2009, Plaintiff filed a charge of discrimination with the EEOC.  She alleged race and age discrimination.  She obtained a right to sue letter for this charge of discrimination.

13.     After Plaintiff filed the Charge of Discrimination with the EEOC, she was placed on another PIP.  The supervisor continued to harass her and determined Plaintiff had not met the subjective criteria of the PIP.

14.     In May 2009, Plaintiff was terminated allegedly for not meeting the subjective goals of the PIP.

15.     Following her termination, Plaintiff filed a second Charge of Discrimination with the EEOC for retaliation.  Plaintiff obtained a right to sue letter for this charge of discrimination.

COUNT I

16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 as if fully written verbatim herein.

17.     Plaintiff states a cause of action for race discrimination in violation of Title VII of the Civil Rights Act.

COUNT II

18.     Plaintiff incorporates the allegations contained in paragraphs 1 through 17 as if fully written verbatim herein.

19.     Plaintiff states a cause of action for retaliation in violation of Title VII of the Civil Rights Act.

        WHEREFORE, Plaintiff prays for judgment in her favor, backpay, frontpay, compensatory damages in the amount of $250,000 for each count of the Complaint, punitive damages, attorney fees, costs, and any other relief to which she may be entitled.

                        Respectfully submitted,


                        _____
                        Carla E. Oglesbee  (0070896)
                        Attorney at Law
                        5248 Bethel-Reed Park
                        Columbus, Ohio  43220
                        614-442-7580 tel
                        614-442-8718 fax

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues for which she is entitled to a trial by a jury.

Respectfully submitted,

Carla E. Oglesbee (0070896)
Attorney at Law
5248 Bethel-Reed Park
Columbus, Ohio 43220
614-442-7580 tel
614-442-8718 fax

4



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5067 2737

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

March 11, 2010

Mrs. Jo Ellen Minturn
1540 Weiskopf Drive
Columbus, OH  43228

Re:  EEOC Charge Against Ohio State University, et al.
     No. 22A200902808

Dear Mrs. Minturn:

     Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since the date
the Commission assumed jurisdiction over the charge, and no suit based
thereon has been filed by this Department, and because you have
specifically requested this Notice, you are hereby notified that you have
the right to institute a civil action under Title VII of the Civil Rights
Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named
respondent.

     If you choose to commence a civil action, such suit must be filed in
the appropriate Court within 90 days of your receipt of this Notice.  If
you cannot afford or are unable to retain an attorney to represent you,
the Court may, at its discretion, assist you in obtaining an attorney.  If
you plan to ask the Court to help you find an attorney, you must make this
request of the Court in the form and manner it requires.  Your request to
the Court should be made well before the end of the time period mentioned
above.  A request for representation does not relieve you of the
obligation to file suit within this 90-day period.

     The investigative file pertaining to your case is located in the EEOC
Indianapolis District Office, Indianapolis, IN.

     This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is meritorious.

                         Sincerely,


                         Thomas E. Perez
                         Assistant Attorney General
                         Civil Rights Division

                    by   *Karen J. Ferguson*

                         Karen L. Ferguson
                         Supervisory Civil Rights Analyst
                         Employment Litigation Section

cc: Indianapolis District Office, EEOC
    Ohio State University, et al.

EEOC Form 161-B (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jo Minturn<br>1540 Weiskopf Drive<br>Columbus, OH 43228 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

Carla E. Oglesbee, Attorney
5248 Bethel-Reed Park
Columbus, OH 43220

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 22A-2009-02808   22A-2010-00004 | Ethel M. Harmon,<br>State & Local Program Manager | (317) 226-6144 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☒   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Danny G. Harter*

MAR 1 1 2010

Enclosures(s)

Danny G. Harter,
Director

*(Date Mailed)*

cc:   OHIO STATE UNIVERSITY
c/o Kimberly C. Shumate, Attorney
Office of Legal Affairs
1590 N. High Street, Suite 500
Columbus, OH 43201-2178



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5067 2737

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

March 11, 2010

Mrs. Jo Ellen Minturn
1540 Weiskopf Drive
Columbus, OH  43228

Re:  EEOC Charge Against Ohio State University, et al.
    No. 22A201000004

Dear Mrs. Minturn:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

    The investigative file pertaining to your case is located in the EEOC Indianapolis District Office, Indianapolis, IN.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

              Sincerely,

              Thomas E. Perez
           Assistant Attorney General
            Civil Rights Division

by    *Karen L. Ferguson*

             Karen L. Ferguson
        Supervisory Civil Rights Analyst
        Employment Litigation Section

cc: Indianapolis District Office, EEOC
    Ohio State University, et al.

EEOC Form 161-B (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Jo Minturn | From: Indianapolis District Office |
|---|---|
| 1540 Weiskopf Drive | 101 West Ohio St |
| Columbus, OH 43228 | Suite 1900 |
| | Indianapolis, IN 46204 |
| Carla E. Oglesbee, Attorney | |
| 5248 Bethel-Reed Park | |
| Columbus, OH  43220 | |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 22A-2009-02808    22A-2010-00004 | Ethel M. Harmon,<br>State & Local Program Manager | (317) 226-6144 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*

MAR 1 1 2010

Enclosures(s)

Danny G. Harter,
Director

*(Date Mailed)*

cc: OHIO STATE UNIVERSITY
c/o Kimberly C. Shumate, Attorney
Office of Legal Affairs
1590 N. High Street, Suite 500
Columbus, OH 43201-2178